966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William D. DUNNE, Plaintiff-Appellant,
v.
Gary L. HENMAN, Warden, J. Hopkins, Captain and Tracey
Johns, Lieutenant, Defendants-Appellees.
 No. 91-2860.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided June 22, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 William D. Dunne, an inmate incarcerated at the United States Penitentiary in Marion, Illinois, appeals from the district court's entry of summary judgment for the defendants in this Bivens action. Because we agree with the district court that the defendants' refusal to allow Dunne to carry suntan lotion to the recreation yard was justified by prison security concerns and did not violate his Eighth Amendment rights, we affirm its decision for the reasons stated in the attached Memorandum and Order.
 
 IN THE UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF ILLINOIS
 
 2
 WILLIAM D. DUNNE, GARY L. YARBROUGH, and JAMES BARRETT, Plaintiffs,
 
 
 3
 v.
 
 
 4
 GARY L. HENMAN, et al., Defendants.
 
 CAUSE NO. 88-3450
 July 19, 1989
 MEMORANDUM AND ORDER
 STIEHL, District Judge:
 
 5
 Before the Court is a Report and Recommendation of United States Magistrate Judge Philip M. Frazier that defendants' motion for summary judgment be granted. Plaintiffs Dunne and Yarbrough have filed objections to the recommendation; therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will make a de novo review of those portions of the recommendation to which objections were made.
 
 
 6
 Plaintiffs claim that defendants violated their Eighth Amendment rights by prohibiting them from carrying plastic vials of sunscreen lotion outside during recreation periods at USP-Marion. Plaintiffs have sued the defendants in their official capacities pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. However, because the parties have presented matters outside their pleadings to the Court in the form of affidavits, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(c).
 
 
 7
 Fed.R.Civ.P. 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In determining whether a district court properly granted summary judgment, "[a]ll factual inferences are to be taken against the moving party and in favor of the opposing party." International Admin., Inc. v. Life Ins. Co. of N.Am., 753 F.2d 1373, 1378 (7th Cir.1985). In instances in which "inferences contrary to those drawn by the trial court might be permissible," a district court's grant of summary judgment must be reversed. Munson v. Friske, 754 F.2d 683, 690 (7th Cir.1985).
 
 
 8
 The standard which must be met to establish an Eighth Amendment violation was set forth by the United States Supreme Court in Estelle v. Gamble, 429 U.S. 97 (1976). To meet this standard, a plaintiff must show that prison officials have been "deliberately indifferent to his or her serious medical needs. The deliberate indifference standard encompasses only "unnecessary and wanton infliction of pain." Id. at 104.
 
 
 9
 Applying this standard to plaintiffs' situation, it is clear that defendants, in denying plaintiffs the right to carry plastic sunscreen containers during outside recreation, have neither acted indifferently nor unnecessarily. As set forth in the affidavit of Jim Hopkins, Chief Correctional Supervisor at USP-Marion, inmates were allowed, as of the date of the incident cited in plaintiffs' complaint, to place personal supplies of sunscreen lotion on their bodies prior to their outside recreation periods. (Hopkins affidavit, Oct. 1988, p 3). In addition, several alternative means of avoiding the sun were readily available to the inmates as described in paragraph 5 of the affidavit. Moreover, after August 4, 1989, according to the affidavit of Jack B. Davis, Chief Correctional Supervisor on that date, sunscreen lotion dispensed from bottles kept at the officers' station was made available for use by inmates immediately prior to going on outside recreation. Only a complete denial of sunscreen could arguably amount to "deliberate indifference" to a prisoner's sensitivity to the sun. Clearly, the policy at Marion exceeded that level of concern.
 
 
 10
 Furthermore, the policy prohibiting plastic sunscreen containers on the yard during outside recreation is necessary for the penitentiary to maintain its very high level of security. Such security measures are legitimate if reasonably related to security concerns, even if they conflict with a prisoner's constitutional rights (which, here, they do not). Turner v. Safley, 482 U.S. 78 (1986). The Hopkins affidavit, paragraphs 6-10, sets forth the numerous security concerns at Marion which justify the policy regarding sunscreen. This Court is in no position to doubt the validity of those concerns. Such deference to the discretion of correctional officials has previously been upheld in the Seventh Circuit. Reed v. Faulkner, 842 F.2d 960 (7th Cir.1988); Hadi v. Horn, 830 F.2d 779 (7th Cir.1987).
 
 
 11
 Having determined that the policy regarding sunscreen lotion during outside recreation at USP-Marion does not violate the "deliberate indifference" standard of Estelle, and that any pain a prisoner might suffer through his own failure to take the adequate precautions readily available to him is justified by security concerns, there remains no genuine issue of material fact concerning plaintiffs' claim which a trial would help to resolve.
 
 
 12
 Accordingly, the Court ADOPTS the recommendation of the magistrate judge. Defendants' motion for summary judgment is GRANTED, and the Clerk is directly to enter judgment in favor of defendants and against plaintiffs.
 
 
 13
 IT IS SO ORDERED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record